UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN CROSBY,

        Plaintiff,

- against -

C.O. ANTHONY ROURA, Shield No. 15882,
C.O. MICHAEL MENDELSOHN, Shield No. 17787,
C.O. QUASIM SHABAZZ, Shield No. 13075,
CORRECTION CAPTAIN DUNHAM,
C.O. JASON HAMIL, Shield No. 17745,
CORRECTION CAPTAIN DEISHAY SMALLWOOD,
Shield No. 1673, C.O. ROBERT DiTOMASSO,
Shield No. 17874, C.O. RANDY MILLER, Shield
No. 18393, C.O. JULIO GOMEZ, Shield No. 17471,
CORRECTION CAPTAIN EDWARD WILLIAMS,
Shield No. 1443, CORRECTION CAPTAIN SIMONE
TAITT, Shield No. 980 and THE CITY OF NEW YORK,

        Defendants.
------------------------------------------------------------------X

13 CV 6596 (AKH)

SECOND AMENDED
COMPLAINT AND
JURY TRIAL DEMAND

Plaintiff, JOHN CROSBY, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourteenth amendment to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for battery.

## VENUE

5. Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, JOHN CROSBY, was and is a natural person, resident in the County of Kings, City and State of New York.

8. At all times relevant hereto, defendant C.O. ANTHONY ROURA, Shield No. 15882 (hereinafter "ROURA") was and is a natural person, employed as a correction officer by defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant C.O. MICHAEL MENDELSOHN, Shield No. 17787 (hereinafter "MENDELSOHN") was and is a natural person, employed as a correction officer by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant C.O. QUASIM SHABAZZ, Shield No. 13075 (hereinafter "SHABAZZ") was and is a natural person, employed as a correction officer by defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant CORRECTION CAPTAIN DUNHAM (hereinafter "DUNHAM") was and is a natural person, employed as a correction captain by defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant C.O. JASON HAMIL, Shield No. 17745 (hereinafter "HAMIL") was and is a natural person, employed as a correction officer by defendant CITY OF NEW YORK.

13. At all times relevant hereto, defendant CORRECTION CAPTAIN DEISHAY SMALLWOOD, Shield No. 1673 (hereinafter "SMALLWOOD") was and is a natural person, employed as a correction captain by defendant CITY OF NEW YORK.

14. At all times relevant hereto, defendant C.O. ROBERT DiTOMASSO, Shield No. 17874 (hereinafter "DiTOMASSO") was and is a natural person, employed as a correction officer by defendant CITY OF NEW YORK.

15. At all times relevant hereto, defendant C.O. RANDY MILLER, Shield No. 18393 (hereinafter "MILLER") was and is a natural person, employed as a correction officer by defendant CITY OF NEW YORK.

16. At all times relevant hereto, defendant C.O. JULIO GOMEZ, Shield No. 17471 (hereinafter "GOMEZ") was and is a natural person, employed as a correction officer by defendant CITY OF NEW YORK.

17. At all times relevant hereto, defendant CORRECTION CAPTAIN EDWARD WILLIAMS, Shield No. 1443 (hereinafter "WILLIAMS") was and is a natural person, employed as a correction captain by defendant CITY OF NEW YORK.

18. At all times relevant hereto, defendant CORRECTION CAPTAIN SIMONE TAITT, Shield No. 980 (hereinafter "TAITT") was and is a natural person, employed as a correction captain by defendant CITY OF NEW YORK.

19. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

20. On or about August 6, 2012, November 7, 2012, and December 10, 2012 these dates being within ninety (90) days after the claims herein sued upon respectively accrued, plaintiff served upon the Comptroller of the City of New York verified written

notices of claim setting forth the time, place, nature and manner in which said claims arose.

21. More than thirty (30) days have elapsed since each of the aforementioned verified notices of claim was served and the Comptroller has neglected and refused to make payment of said claims.

22. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

23. The individual defendants are sued in their individual capacities.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
## (42 U.S.C. §1983)

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23" hereinabove as if more fully set forth at length herein.

25. At all times relevant hereto, and for a period of time prior thereto, plaintiff was a pretrial inmate incarcerated at the Manhattan Detention Complex, which is located at 125 White Street, County, City and State of New York.

26. On or about July 2, 2012, at some point during the 7:00 A.M. to 3:00 P.M. tour, plaintiff was being escorted by defendant ROURA back to his cell in Area 9 South, after having had a haircut.

27. As a result of his classification at the aforementioned facility, plaintiff was wearing mittens on both hands, with handcuffs affixed around the mittens and with the chain between the handcuffs fastened in turn to a chain running around plaintiff's waist.

28. As defendant ROURA was escorting plaintiff as aforementioned, defendant ROURA stopped, pushed plaintiff against a wall and, while face to face with plaintiff, undid plaintiff's pants and pulled plaintiff's penis out of his pants.

29. Defendant ROURA began stroking plaintiff's penis, stating to plaintiff that he had been waiting for an opportunity to do so for a very long time.

30. Plaintiff, restrained as aforementioned, was unable to defend himself from defendant ROURA's assault.

31. After approximately five minutes, defendant ROURA, evidently fearful that someone was approaching the area where the assault was taking place, ceased stroking plaintiff's penis and placed it back inside plaintiff's pants.

32. Defendant ROURA now told plaintiff that if plaintiff informed anyone about the assault upon him, plaintiff would be retaliated against.

33. As stated in paragraph "19," supra, on or about August 6, 2012, plaintiff caused to have served upon the Comptroller of defendant CITY OF NEW YORK a notice of claim in which he described the aforementioned sexual assault committed upon him by defendant ROURA.

34. On or about August 27, 2012, defendant MENDELSOHN informed plaintiff that, because he had caused to have served a notice of claim against C.O. ROURA, plaintiff would be mistreated by correction officers so long as he remained confined in the Manhattan Detention Complex.

35. Several hours subsequent to plaintiff's being so threatened by defendant MENDELSOHN, while plaintiff was being escorted to the shower in his housing area, defendant MENDELSOHN punched plaintiff in the ribs.

36. Subsequently, when plaintiff was being escorted back to his cell, he informed defendant DUNHAM that he had been punched in the ribs by defendant MENDELSOHN.

37. Defendant DUNHAM ignored plaintiff's complaint.

38. Subsequent to his being punched in the ribs as aforementioned, plaintiff paid a previously scheduled visit to the facility's clinic for an examination of an ongoing condition in his legs.

39. When plaintiff informed the physician's assistant who was examining his legs, a person named Walker, who is not a party to this action, that he had been assaulted, resulting in bruising and pain to his ribs, Walker refused to log in plaintiff's complaint, stating that plaintiff was in the clinic only for an examination of his legs.

40. Following his visit to the clinic, in the area near the elevator outside the clinic, defendants MENDELSOHN and SHABAZZ punched plaintiff in his right side, and pushed him while he was shackled in the manner aforementioned so that he fell to the floor, at which point defendant SHABAZZ stomped on plaintiff's neck and defendant MENDELSOHN kicked him in his back.

41. During the aforementioned assault, defendant SHABAZZ told plaintiff that he was being retaliated against for having had served a notice of claim regarding the sexual assault made upon him by defendant ROURA.

42. Defendant DUNHAM witnessed plaintiff being beaten by defendants MENDELSOHN and SHABAZZ but intentionally failed and refused to take any action whatsoever to stop the beating.

43. Plaintiff reported the aforementioned assault to defendant TAITT and requested medical attention.

44. Defendant TAITT ignored plaintiff's complaint regarding the assault and denied his request for medical attention.

45. On or about September 2, 2012, defendant MENDELSOHN maliciously filed a report and notice of infraction against plaintiff in which he falsely alleged that plaintiff's accusations of his having assaulted plaintiff constituted "false statements."

46. On or about September 13, 2012, while plaintiff was present in his cell, designated as Cell 5, in 9 South, a search of the entire unit was conducted.

47. During the aforementioned search, defendant HAMIL ordered plaintiff to remove his outer clothing.

48. Plaintiff complied with defendant HAMIL's order, removing his shirt and his shorts, which he then passed to defendant HAMIL.

49. Upon being handed plaintiff's shirt and shorts, defendant HAMIL intentionally dropped the shorts on the floor.

50. Defendant HAMIL ordered plaintiff to pick his shorts up.

51. Plaintiff responded that as he had not dropped the shorts, he would not pick them up.

52. Defendants SMALLWOOD and WILLIAMS ordered plaintiff to pick up his shorts.

53. When plaintiff again declined to pick up his shorts, defendant WILLIAMS told him, "You are going to be dealt with."

54. Defendant WILLIAMS ordered that the door to plaintiff's cell now be closed.

55. Plaintiff picked up his shorts and his cell door was closed with the shirt that he had been ordered to remove still outside his cell.

56.  After a period of time, plaintiff was ordered out of his cell and was rear handcuffed and strip searched by defendant DiTOMASSO, while his cell was searched.

57.  Following the aforementioned strip search, plaintiff was taken to an elevator near his housing area by defendants HAMIL, SMALLWOOD, MILLER DiTOMASSO and GOMEZ.

58.  Upon information and belief, defendant GOMEZ is described as a Hispanic with a "warrior" tattoo on one of his arms.

59.  Defendants SMALLWOOD, HAMIL and GOMEZ took plaintiff inside the aforementioned elevator.

60.  Once defendants SMALLWOOD, HAMIL and GOMEZ had plaintiff inside the elevator, defendant SMALLWOOD punched him on the left side of his face and pushed him down onto the floor, whereupon defendants HAMIL and GOMEZ kicked him in his back and neck.

61.  Upon information and belief, defendant WILLIAMS conspired with defendants SMALLWOOD, HAMIL and GOMEZ in planning the beating of plaintiff.

62.  Following the aforementioned beating, plaintiff was taken to the facility's intake area where he was put through a magnetometer and then returned to his cell.

63.  Defendant SMALLWOOD stated to plaintiff, "It's over. Leave it like that."

64.  Plaintiff was falsely and maliciously issued an infraction by defendant TAITT for allegedly having refused to take a urine test for the presence of controlled substances while he was in the intake area.

65.  However, plaintiff had not been told to undergo a urine test while he was in the intake area.

66. Defendants violated plaintiff's right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States in that, while he was a pretrial detainee, defendant ROURA sexually assaulted him, defendants MENDELSOHN, SHABAZZ, SMALLWOOD, HAMIL and GOMEZ beat him, defendant WILLIAMS conspired with defendants SMALLWOOD, HAMIL and GOMEZ with regard to having plaintiff beaten, defendant DUNHAM refused to take any action with regard to the physical assaults on plaintiff by defendants MENDELSOHN and SHABAZZ, defendants DiTOMASSO and MILLER refused to take any action with regard to the physical assaults on plaintiff by defendants HAMIL, SMALLWOOD and GOMEZ and defendants MENDELSOHN and TAITT filed false reports of disciplinary infractions against plaintiff.

67. As a result of the aforementioned violations of the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States, plaintiff suffered extreme mental anguish, injuries to his ribs, neck and left wrist, numbness in both shoulders, injuries to his face, back and neck and improper penalties resulting from the disciplinary charges falsely and maliciously made against him.

68. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT ROURA
## and THE CITY OF NEW YORK
## (Battery)

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "68" hereinabove as if more fully set forth at length herein.

70. On or about July 2, 2012, near Housing Area 9 South at the Manhattan Detention Complex, located at 125 White Street in the County, City and State of New York, defendant ROURA offensively touched plaintiff by pushing him against a wall, undoing his pants, pulling his penis out of his pants and stroking his penis, all at a time when plaintiff's hands were in mechanical restraints.

71. The aforesaid physical contact made by defendant ROURA was not reasonable under the circumstances.

72. At the aforementioned time and place, defendant ROURA was acting within the scope of his employment by defendant CITY OF NEW YORK.

73. By reason of the aforementioned act of battery committed against plaintiff by defendant ROURA, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered severe mental anguish.

74. By reason of the aforementioned battery committed against him by defendant ROURA, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant ROURA.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS MENDELSOHN, SHABAZZ
## and THE CITY OF NEW YORK
### (Battery)

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "74" hereinabove as if more fully set forth at length herein.

76. On or about August 27, 2012, at the Manhattan Detention Complex, located at 125 White Street in the County, City and State of New York, defendants MENDELSOHN and SHABAZZ offensively touched plaintiff by punching him in the ribs and right side; pushing him while he was shackled, causing him to fall onto the floor; stomping on his neck; and kicking him in his back.

77. The aforesaid force used by defendants MENDELSOHN and SHABAZZ was not reasonable under the circumstances.

78. At the aforementioned time and place, defendants MENDELSOHN and SHABAZZ were acting within the scope of their employment by defendant CITY OF NEW YORK.

79. By reason of the aforementioned acts of battery committed against plaintiff by defendants MENDELSOHN and SHABAZZ, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered serious physical injuries.

80. By reason of the aforementioned battery committed against him by defendants MENDELSOHN and SHABAZZ, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million

($1,000,000.00) Dollars as punitive damages against defendants MENDELSOHN and SHABAZZ.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS SMALLWOOD, HAMIL, GOMEZ and THE CITY OF NEW YORK
(Battery)

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "80" hereinabove as if more fully set forth at length herein.

82. On or about September 13, 2012, in an elevator near plaintiff's housing unit in the Manhattan Detention Complex in the County, City and State of New York, defendants SMALLWOOD, HAMIL and GOMEZ offensively touched plaintiff by punching him on the left side of his face, pushing him down onto the floor and kicking him in his back and neck.

83. The aforesaid force used by defendants SMALLWOOD, HAMIL and GOMEZ was not reasonable under the circumstances.

84. At the aforementioned time and place, defendants SMALLWOOD, HAMIL and GOMEZ were acting within the scope of their employment by defendant CITY OF NEW YORK.

85. By reason of the aforementioned acts of battery committed against plaintiff by defendants SMALLWOOD, HAMIL and GOMEZ, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered serious physical injuries.

86. By reason of the aforementioned battery committed against him by defendants SMALLWOOD, HAMIL and GOMEZ, while they were acting within the

scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants SMALLWOOD, HAMIL and GOMEZ.

WHEREFORE, plaintiff, JOHN CROSBY, demands judgment against defendants, C.O. ANTHONY ROURA, Shield No. 15882, C.O. MICHAEL MENDELSOHN, Shield No. 17787, C.O. QUASIM SHABAZZ, Shield No. 13075, CORRECTION CAPTAIN DUNHAM, C.O. JASON HAMIL, Shield No. 17745, CORRECTION CAPTAIN DEISHAY SMALLWOOD, Shield No. 1673, C.O. ROBERT DiTOMASSO, Shield No. 17874, C.O. RANDY MILLER, Shield No. 18393, C.O. JULIO GOMEZ, Shield No. 17471, CORRECTION CAPTAIN EDWARD WILLIAMS, Shield No. 1443, CORRECTION CAPTAIN SIMONE TAITT, Shield No. 980 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant ROURA;

THIRD CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants MENDELSOHN and SHABAZZ; and

FOURTH CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants SMALLWOOD, HAMIL and GOMEZ.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
      March 23, 2015

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2259